United States District Court
Southern District of Texas
**ENTERED**
March 08, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMCHAND JAGAROO,<br>TDCJ #1245495,<br><br>        Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division,<br><br>        Respondent.[1] | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-18-0685 |

## MEMORANDUM OPINION AND ORDER

State inmate Ramchand Jagaroo (TDCJ #1245495), also known as Ramchan Jagroo ("Petitioner"), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a state court conviction that was entered against him in 2004. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

---

[1]The petitioner lists the "State of Texas" as the respondent. Because he is in state custody of the Texas Department of Criminal Justice - Correctional Institutions Division, Director Lorie Davis is substituted as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Background

On June 25, 2004, Petitioner was convicted of intoxicated manslaughter with a vehicle in Harris County Cause No. 961564.[2] The 232nd District Court of Harris County, Texas, sentenced Petitioner to life imprisonment.[3] The conviction was affirmed on direct appeal, see Jagaroo v. State, 180 S.W.3d 793 (Tex. App. — Houston [14th Dist.] 2005), and the Texas Court of Criminal Appeals refused his petition for discretionary review in 2006.

On February 26, 2018, Petitioner executed the pending Petition for a federal writ of habeas corpus.[4] Petitioner contends that he is entitled to relief for the following reasons: (1) he is actually innocent because his blood was drawn without a warrant in violation of the Fourth Amendment; (2) the trial court violated his rights by admitting evidence of a blood sample taken without his consent; (3) he was denied effective assistance of counsel when his defense attorney failed to raise an issue about his competency to stand trial; and (4) his conviction violates due process and equal protection because these claims are based on newly discovered evidence that could not have been presented previously.[5]

When asked in the form Petition whether he had previously filed any other federal habeas petition to challenge the same

---

[2]Petition, Docket Entry No. 1, p. 2.

[3]Id. at 2.

[4]Id. at 10.

[5]Id. at 6-7.

conviction, Petitioner checked the box "no" and indicated that he had not filed any other habeas proceedings.[6] Court records confirm, however, that Petitioner has filed more than one previous federal habeas corpus petition challenging the same conviction. In Jagroo v. Thaler, Civil No. H-09-1300 (S.D. Tex. Aug. 11, 2009), this court granted the respondent's motion for summary judgment and dismissed the federal habeas corpus action filed by Petitioner with prejudice. The Fifth Circuit denied a certificate of appealability. See Jagroo v. Thaler, No. 10-20574 (5th Cir. March 1, 2011). Petitioner filed another federal habeas action, which was dismissed as an unauthorized successive petition. See Jagroo v. Thaler, Civil No. H-17-902 (S.D. Tex. April 3, 2017).

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ, the court

---

[6] Id. at 8 ¶ 22.

has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Although Petitioner claims to have "newly discovered evidence" of his actual innocence, he presents no such evidence with his Petition.[7] Contrary to Petitioner's contention that his claims could not have been presented previously, the facts asserted in the Petition appear to have been available since before his conviction was entered in 2004. Because his claims could have been raised previously, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Petitioner is required to seek authorization from the Fifth Circuit before this court can consider

---

[7]See Petition, Docket Entry No. 1, pp. 6-7.

it. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Because Petitioner has not presented the requisite authorization, the Petition will be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Ramchand Jagaroo (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 8th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE